## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:        C. R. BARD, INC.,
               PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

                                             MDL No. 2187

_____

THIS DOCUMENT RELATES TO CIVIL ACTION
NUMBER:

Cisson, et al. v. C. R. Bard, Inc.        2:11-cv-00195

### O R D E R
### (Defendant C. R. Bard, Inc.'s Motion to Quash Trial Subpoena)

Pending is Defendant C. R. Bard, Inc.'s Motion to Quash Trial Subpoena, filed July 3, 2013 [Docket 313].  Plaintiffs have replied, and I heard oral argument on July 5, 2013. As discussed below, Bard's motion is **GRANTED** in part and **DENIED** in part with the limitation outlined below.

## I.    Background.

Defendant C. R. Bard, Inc. ("Bard") filed this motion to quash the subpoena of Roger Darois pursuant to Fed. R. Civ. P. 45(b)(2) and 45(c)(3)(A)(iii).  The trial subpoena, issued by the Southern District of West Virginia dated July 1, 2013, is addressed to Roger Darois c/o Lori Cohen, counsel for Bard, for July 11, 2013 at 9:00 a.m.[1]  By declaration pursuant to 28 U.S.C. § 1746, Mr. Darois states that (1) he is currently employed by Davol, Inc. ("Davol") a subsidiary or division of Bard; (2) he works and resides in Rhode Island; (3) his current title is "Vice

_____

[1] Plaintiffs stated at oral argument that while they had originally planned to present Mr. Darois's testimony by videotaped deposition, after taking his deposition on June 19, 2013, and based on the recent deposition of a former Bard officer, they made the tactical decision to call him live at trial.  Counsel for plaintiffs explained that counsel for Bard agreed to accept service of the subpoena, reserving the right to object.

President of Research and Advanced Technologies;" (4) he has not and never has been a "corporate officer for Davol" or for Bard.  (Declaration of Mr. Darois [Docket 313-1], ¶¶ 2, 3, 5, 6).  Finally, Mr. Darois states that in consultation with Bard, he has arranged his schedule to be available to testify the week of July 15, 2013, and as a result, has scheduled certain matters for July 8, 2013.  *Id.* at ¶ 7.  It would be an "extreme hardship" on Mr. Darois to make an additional trip to West Virginia on July 11, 2013.  *Id.* at ¶ 8.

Plaintiffs assert that the records reveal otherwise, and that Mr. Darois is an officer of Bard, noting that his Curriculum Vitae shows that he is Vice President for Research and Advanced Technologies for "Davol, Inc., Surgical Products Division of C. R. Bard (NYSE BCR)." (Pls.' Resp. [Docket 314], p. 1).  Plaintiffs further note that Bard has presented an Affidavit from Mr. Darois "to speak to the critical issues of the Marlex resin MSDS, and Bard's efforts to keep such information secret from its suppliers and others (Mr. Darois is the author of the MSDS-related e-mails at issue)." *Id.* at 2.   Relying on *In re: Vioxx Products Liab. Litig.*, 438 F. Supp.2d 664, 669 (E.D. La. 2006) and another MDL case, plaintiffs assert that particularly in MDL litigation such as this, their subpoena is proper.  *Id.* at 1 ("If one court is going to be legislatively mandated to handle thousands of cases from throughout the nation, it needs some national reach at least as to the parties."); *see also In re Levaquin Products Liab. Litig.*, MDL No. 08-1943, 2010 WL 4867407, at *1 (D. Minn. Nov. 9, 2010) ("[I]n MDLs, courts are even less likely to prescribe territorial restrictions since such restrictions could hinder litigation and the intent of an MDL is to make litigation more efficient.").

Bard points out that effective December 1, 2013, absent further contrary Congressional action, Rule 45 will be amended to require that all subpoenas are subject to the geographical

limitations of Rule 45(c), which are modeled after former Rule 45(b)(2).[2]  (Def. Bard's Mtn. to Quash Trial Sub. [Docket 313], p. 2.)   Bard further argues that the subpoena was untimely, served less than one week before trial is scheduled to commence, and unduly burdensome given Mr. Darois's schedule.   Bard suggests that plaintiffs will not be prejudiced by quashing the subpoena because they can play one or both of Mr. Darois's videotaped depositions or they can cross-examine him when he testifies during Bard's case.  *Id.* at 2-3.

## II. Analysis

Rule 45(b)(2) provides that a subpoena must be issued "for attendance at a . . . trial, from the court for the district where the . . . trial is to be held . . . ."  Rule 45(c)(3)(A)(ii) directs that upon timely motion, the court must quash or modify a subpoena that

> [r]equires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held.

I find that the timeliness of service of the subpoena is not dispositive of this important issue.  Furthermore, Mr. Darois's status as an officer of Bard, a complex issue, is not an area in which I wish to delve on the eve of trial.  I will assume for purposes of this motion *only* that Mr. Darois is in fact a mere employee of Davol and not an officer of Bard and therefore, outside the subpoena power of this court pursuant to Rule 45(c)(3)(A)(ii).

Notwithstanding, Mr. Darois is the author of important evidence in this first bellwether trial.   In fact, Bard has made clear that it intends to call Mr. Darois in its case in chief as a live witness.  The fact that Bard refuses to make Dr. Darois available for plaintiffs' case in chief when Mr. Darois will testify as a live witness for Bard would result in inequitable treatment.  *See*

---

[2]  I note that the changes to Rule 45 are not yet effective and that even when they are effective, the challenges inherent in multi-district litigation vis-à-vis Rule 45 will remain.

*Iorio v. Allianz Life Ins. Co.*, No. 05cv633JLS (CAB), 2009 WL 3415689, at *5 (S.D. Cal. Oct. 21, 2009) (acknowledging "inherent disparity between depositions and live testimony, especially when credibility is at issue").

I **FIND** that the most practical and fair way to address this issue in this MDL litigation within the confines of Rule 45 is to permit plaintiffs to keep their case in chief open until Mr. Darois is called to testify during Bard's case in chief. At that time, plaintiffs may call Mr. Darois as their witness. Thereafter, Bard may proceed.

**III.     Conclusion**

For the reasons discussed above, it is **ORDERED** that Defendant C. R. Bard, Inc.'s Motion to Quash Trial Subpoena [Docket 313] is **GRANTED** in part and **DENIED** in part with the limitation outlined above.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 5, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4